IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS F. JIMENEZ, | § | |
| Petitioner, | § | |
| v. | § | Case No. 3:18-cv-2417-M (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jesus Jimenez,[1] a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the the petition should be transferred to the Fifth Circuit Court of Appeals as successive.

I.

In 2006, Petitioner was convicted of aggravated robbery and was sentenced to sixty-five years in prison. *State of Texas v. Juan Fraire Jimenez,* F04-54039-MI (2nd Dist. Ct., Dallas County, Tex., Sept. 7, 2006). On March 13, 2008, the Fifth District Court of Appeals affirmed. *Jimenez v. State*, No. 05-06-01374-CR (Tex. App. – Dallas 2008, no pet.). Petitioner then filed a state habeas petition challenging his conviction, which the Court of Criminal Appeals denied

---

[1] Petitioner is also known as Jesus Fraire Jimenez and Juan Fraire Jimenez.

1

without written order on the findings of the trial court without a hearing. *Ex parte Jimenez*, No. 75,534-01.

On April 5, 2011, Petitioner filed his first § 2254 petition. *See Jimenez v. Thaler*, No. 3:11-cv-697-B-BK (N.D. Tex.). He argued, *inter alia*, that he received ineffective assistance of counsel when counsel failed to inform him of a twenty-five-year plea offer. On January 9, 2012, the district court denied the petition. On April 17, 2013, the Fifth Circuit Court of Appeals affirmed.

On September 3, 2018, Petitioner filed the instant § 2254 petition. He again argues he received ineffective assistance of counsel when counsel failed to inform him of a twenty-five-year plea offer.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the

Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

For the foregoing reasons, the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed February 22, 2019.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

4